332 So.2d 411 (1976)
Vivian L. SHUMPERT
v.
Hersey L. TANNER.
No. 48689.
Supreme Court of Mississippi.
May 25, 1976.
Stephen J. Kirchmayr, Jr., Jackson, for appellant.
Young, Young & Scanlon, Robert R. Marshall, Jackson, for appellee.
Before GILLESPIE, SUGG and WALKER, JJ.
GILLESPIE, Chief Justice, for the Court:
Hersey L. Tanner filed suit in the Chancery Court of Hinds County against Vivian L. Shumpert, seeking a decree declaring that Shumpert held title to a house and lot as trustee for him. From a decree declaring Shumpert held title to the property as trustee for Tanner and directing Shumpert to convey the property to Tanner, Shumpert appeals.
Tanner's version of the facts is as follows. In 1969, he attempted to purchase the residence in question but "[his] credit was not stout enough for the loan company to let [him] have the money." He agreed with Shumpert, whose credit was good, that he would pay the down payment and use her credit to purchase the property in her name, "and she said after [his] credit was stout enough, after [he] built it up, that she would sign the house over to [him]." Tanner also contends that he made the down payment of about $500, the *412 monthly payments on the mortgage, and paid the closing costs, but admits that when the property was up for foreclosure, Shumpert paid $481 to prevent foreclosure. He has never repaid the $481, but has offered to do so.
Shumpert's version of the facts, supported to some extent by her sister, Laquette Tanner, the wife of complainant who was separated from him at the time of trial, is as follows. When Tanner and Laquette were planning to get married, Tanner tried to buy the house, but his loan did not go through and she, Shumpert, decided to buy the house as an investment and let Tanner and her sister live there if Tanner would pay the mortgage notes, which were to be considered as rent. Shumpert denies that Tanner paid the down payment and says that she paid it. She emphatically denies there was any agreement on her part to deed the property to Tanner at some later date.
On or about May 14, 1969, the property was deeded to Shumpert and she executed a deed of trust to Bailey Mortgage Company, securing $11,150 at 7 1/2% interest, payable $78.05 per month on the first day of each month until May, 1999.
We are of the opinion, and so hold, that the evidence did not rise to that degree of clarity required to establish a resulting trust. In other words, the evidence was not clear and convincing. The chancellor recognized this. In his opinion he said, "We may never know what the facts are, all we can depend on is what was said from the witness stand. There may be a big difference between the actual facts and what was said from the witness stand. But what was said from the witness stand was all that we have."
No rule of law is more firmly established in this State than the one which requires that a constructive or resulting trust must be established by clear and convincing evidence. Conner v. Conner, 238 Miss. 471, 119 So.2d 240 (1960).
Even if the evidence had been clear and convincing that Tanner paid the down payment and had an agreement with Shumpert that she would convey the property to him after his credit was sufficient for him to finance the transaction, still Tanner would not be entitled to the relief prayed for. There is no proof that Tanner's credit would enable him to borrow the money to purchase the house. The decree appealed from requires Shumpert to deed the property to Tanner upon Tanner's payment of $481 that Shumpert had paid to avoid foreclosure. That would leave Shumpert liable for the mortgage notes until 1999 with all the implications involved in such liability. It would be inequitable to burden Shumpert with this liability. She would be subject to a deficiency judgment in case of foreclosure.
A resulting or constructive trust is a fiction of equity. It is the formula through which the conscience of equity finds expression. It is when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest that equity converts him into a trustee. Cf. Russell v. Douglas, 243 Miss. 497, 138 So.2d 730 (1962). In the posture of the present case, it would be inequitable to adjudge Shumpert a trustee for Tanner. And for this additional reason, the trial court erred.
For the reasons stated, we hold that the trial court was in error in adjudging that Mrs. Shumpert held title to the property in question as trustee for Tanner, and it follows that the agreement to convey the property to Tanner, if indeed such an agreement existed, is not enforceable under the statute of frauds. The decree of the trial court is reversed and judgment entered here dismissing the bill of complaint.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.